UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MOTOWN RECORD COMPANY, L.P., et al.,

    Plaintiffs,

v.                                      CASE NO: 8:07-cv-2252-T-23MSS

JEREMY LANG,

    Defendant.
_____/

## **ORDER**

The plaintiffs, the owners or licensees of exclusive rights in certain copyrighted sound recordings, sue (Doc. 1) the defendant, Jeremy Lang, for copyright infringement. The plaintiffs allege that the defendant used an online media distribution system to distribute ten of the plaintiffs' copyrighted recordings. (Doc. 1, ¶ 16, Ex. A) The plaintiffs seek statutory damages, attorney's fees and costs, and permanent injunctive relief. After the defendant failed to respond to the complaint, the Clerk entered (Doc. 10) default. The plaintiffs move (Doc. 11) for entry of a default judgment against the defendant. The defendant fails to respond.

Copyright owners have the exclusive right to reproduce a copyrighted work and to distribute a copy or phonorecord of the work to the public. 17 U.S.C. §§ 106(1), (3). To establish a prima facie case of copyright infringement, a plaintiff must show the plaintiff's ownership of or exclusive license for a valid copyright in the copyrighted sound recording and the defendant's copying or distributing of an original element of the copyrighted sound recording. See Calhoun v. Lillenas Publ'g, 298 F.3d 1228, 1232

(11th Cir. 2002).  In defaulting, the defendant "admits the plaintiff's well-pleaded allegations of fact."  See Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987) (internal quotation marks omitted).  The defendant's default establishes that the plaintiffs are the owners or exclusive licensees of valid copyrights in the ten recordings and that the defendant infringed the plaintiffs' exclusive rights by reproducing or distributing the infringed recordings without authorization by means of an online media distribution system.

Instead of proving actual injury, a plaintiff in a copyright infringement action may elect to recover statutory damages "in the sum of not less than $750 or more than $30,000 as the court considers just" for each infringed work.  17 U.S.C. § 504(c)(1).  The plaintiffs request the minimum statutory amount, an award of $750 for each of the ten    infringed recordings for a total of $7,500.  The plaintiffs also request $420 in costs pursuant to 17 U.S.C. § 505 (a $350 filing fee and a $70 service of process fee).  (Doc. 12, ¶ 5)

Finally, the plaintiffs request permanent injunctive relief.  See 17 U.S.C. § 502(a) (providing that the court "may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright").  Because the defendant's default establishes not only the plaintiff's liability for infringement of the ten recordings but also a substantial threat of continuing infringement, enjoining the defendant from further infringement of the defendant's sound recordings, whether now in existence or later created, is appropriate.

The plaintiffs' motion (Doc. 11) for a default judgment is **GRANTED**.  The defendant shall pay statutory damages in the amount of $7,500 and costs in the amount

of $420.  Additionally, the defendant shall be **ENJOINED** from directly or indirectly infringing the plaintiffs' rights under federal or state law in the ten recordings and any sound recording, whether now in existence or later created, that is owned or controlled by the plaintiffs (or any parent, subsidiary, or affiliate record label of the plaintiffs) (the "plaintiffs' sound recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of the plaintiffs' sound recordings, to distribute (i.e., upload) any of the plaintiffs' sound recordings, or to make any of the plaintiffs' sound recordings available for distribution to the public, except pursuant to a lawful license or with the express authorization of the plaintiffs. The defendant shall destroy all copies of the plaintiffs' sound recordings that the defendant has downloaded onto any computer hard drive or server without the plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in the defendant's possession, custody, or control.

 The Clerk is directed to enter judgment for the plaintiffs and against the defendant.  Following entry of judgment, the Clerk shall (1) terminate any pending motion and (2) close the case.

 ORDERED in Tampa, Florida, on March 10, 2008.

                 STEVEN D. MERRYDAY
                 UNITED STATES DISTRICT JUDGE